IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH McGAINEY | * | |
| | * | |
| v. | * | Civil No. JKS 12-2080 |
| | * | |
| PRINCE GEORGE'S COUNTY, | * | |
| MARYLAND, et al. | * | |
| | * | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Defendants' Motion for Summary Judgment, ECF No. 54. No hearing is necessary, and the motion will be granted.

1. **Background.**

Plaintiff's first amended complaint, filed September 11, 2012, ECF No. 16, alleges that Defendants Schweinsburg, Davis, and Thomas, who are Prince George's County, Md. police officers, are liable under Section 1983 of Title 42 of the United States Code for violation of his Fourth Amendment rights and his federal constitutional right to be free from excessive use of force by police officers. On July 23, 2013, Plaintiff's counsel's motion to withdraw was granted. ECF No. 46. Upon granting the motion, the court wrote to Plaintiff, strongly advising him to arrange for substitute counsel. ECF No. 47. However, no counsel has entered an appearance on Plaintiff's behalf. On October 9, 2013, Defendants moved for summary judgment. ECF No. 54. On October 10, 2013, the court sent the now *pro se* Plaintiff a letter advising him of his right to respond to this motion and warning him that his failure to respond could result in the dismissal of his case or the entry of judgment against him without further notice. ECF No. 55. Plaintiff did not respond either to the summary judgment motion or to any of the court's correspondence. Accordingly, Defendants' motion is now ripe for resolution.

2. **Standard of Review.**

Pursuant to Federal Rule of Civil Procedure 56(a), a summary judgment motion must show "that there is no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." The moving party must support its assertions by "citing to particular parts of materials in the record" constituting admissible evidence. FED. R. CIV. P. 56(c)(1)(A). "A complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *havePower, LLC v. Gen. Elec. Co.*, 256 F. Supp. 2d 402, 406 (D. Md. 2003). "Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence." *Id.* The court views all facts and reasonable inferences in the light most favorable to the opposing party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

3. **Discussion.**

The First Amended Complaint, ECF No. 16, contains a single count, alleging a violation of Section 1983 of Title 28 of the United States Code. Specifically, it claims that Defendants falsely arrested Plaintiff and used excessive force in effectuating that arrest. The only evidence from Plaintiff is found in his response to Defendants' Interrogatories. Plaintiff states that he and five friends were confronted on the street by a police vehicle. Defendants Davis, Thomas, and Schweinsburg ordered them to sit on the curb, frisked them, and searched them. In response to Plaintiff's query as to why they were being searched, Defendant Schweinsburg grabbed Plaintiff, cuffed him behind his back, and stated that Plaintiff was being arrested for disorderly conduct. Plaintiff states that he "suffered pain from tight handcuffs into which defendant Schweinsburg

placed him." ECF No. 54-2. Plaintiff was charged with disorderly conduct and failure to obey a lawful order, and received probation before judgment as to the latter charge. *Id.*

    a. Unlawful Arrest.

Section 1983 actions premised on unlawful seizure or false arrest are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. To establish that he was unlawfully seized, Plaintiff must show that he was arrested without probable cause. *Brown v. Gilmore*, 278 F.3d 362, 367-68 (4th Cir. 2002). Plaintiff does not offer any evidence that he was arrested without probable cause. To the contrary, when he pled guilty to the charge of failing to obey a lawful order, Plaintiff admitted that he in fact committed an offense. Accordingly, viewing the facts in the light most favorable to the Plaintiff, there is no genuine dispute of material fact that this arrest was supported by probable cause. Defendants are entitled to summary judgment as to this claim.

    b. Excessive Force.

The only fact Plaintiff offers to support his excessive force claim is that Defendant Schweinsburg pulled his hands behind his back and that he suffered pain from tight handcuffs. Since there is no allegation that Defendants Davis or Thomas ever touched Plaintiff, there can be no excessive force claim against them. *Brown v. Gilmore*, 278 F. 3d at 369. The *Brown* court also found, as to the officer who touched the claimant, that handcuffing which caused her wrists to swell, coupled with dragging her to a police cruiser, would not support a claim of excessive force. The court noted that the right to make an arrest carries with it the right to use some degree of physical coercion, and that the "minimal level of force" applied was justified by the fact that the arrest occurred during a street scene and that the arrestee had already refused to obey one lawful police order. The court also noted that "in all events, a standard procedure such as

3

handcuffing would rarely constitute excessive force where the officers were justified, as here, in effecting the underlying arrest." *Id*. Here, on virtually identical facts, Defendants are entitled to summary judgment as to the claim that Plaintiff was subjected to excessive force.

**4. Conclusion.**

Plaintiff offers no facts upon which a reasonable factfinder could conclude that he was unlawfully seized or was subjected to excessive force. Accordingly, summary judgment will be entered in favor of all Defendants.

Date:  November 15, 2013                                                       /S/
                                                                          JILLYN K. SCHULZE
                                                   United States Magistrate Judge